UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MOISES GILBERTO JIMENEZ MIRANDA, individually and
on behalf of all others similarly situated,

       Plaintiff,                                 **COLLECTIVE ACTION
COMPLAINT**

-against-

YBJ INCORPORATED, YOSEF HECHTER, ROBERT BERK         JURY TRIAL
and MIGUEL OVALLES, as individuals,                     REQUESTED

       Defendants.
------------------------------------------------------------------------X

1. Plaintiff, **MOISES GILBERTO JIMENEZ MIRANDA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, through undersigned counsel, bring this action against **YBJ INCORPORATED, YOSEF HECHTER, ROBERT BERK and MIGUEL OVALLES, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at located at 545 Franklin Ave., Ste 1, Mount Vernon, NY 10550.

3. Plaintiff also complains pursuant to the New York State Human Rights Law, New York Executive Law §§ 296-297 ("NYSHRL"), New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101, et seq. ("NYCHRL") and any and all other appropriate rules, regulations, statutes, and ordinances for unlawful sexual harassment and sexual orientation discrimination, and unlawful retaliation, arising out of the Plaintiff's employment with the Defendants, as described herein.

4. As a result of the violations of Federal and New York State labor and human rights laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an

amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.  §§2201 & 2202.

## THE PARTIES

9. Plaintiff MOISES GILBERTO JIMENEZ MIRANDA residing at Jamaica, NY  11416, was employed by YBJ INCORPORATED from in or around August 2015 until in or around July 2021.

10. Defendant, YBJ INCORPORATED, is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 545 Franklin Ave., Ste 1, Mount Vernon, NY 10550.

11. Upon information and belief, Defendants YOSEF HECHTER and ROBERT BERK are the owners of YBJ INCORPORATED.

12. Upon information and belief, Defendants YOSEF HECHTER and ROBERT BERK are responsible for overseeing all daily operations of YBJ INCORPORATED.

13. Upon information and belief, Defendants YOSEF HECHTER and ROBERT BERK have power and authority over all the final personnel decisions of YBJ INCORPORATED.

14. Upon information and belief, Defendants YOSEF HECHTER and ROBERT BERK have the exclusive final power to hire the employees of YBJ INCORPORATED, including the Plaintiff.

15. Upon information and belief, Defendants YOSEF HECHTER and ROBERT BERK have exclusive final power over the firing and terminating of the employees of YBJ INCORPORATED, including Plaintiff.

16. Defendants YOSEF HECHTER and ROBERT BERK are responsible for determining, establishing, and paying the wages of all employees of YBJ INCORPORATED, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

17. Accordingly, at all relevant times hereto, Defendants YOSEF HECHTER and ROBERT BERK were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

18. Upon information and belief, Defendant MIGUEL OVALLES is the manager of YBJ INCORPORATED.

19. Defendant MIGUEL OVALLES is responsible for overseeing all daily operations of YBJ INCORPORATED.

20. Defendant MIGUEL OVALLES has power and authority over all the final personnel decisions of YBJ INCORPORATED.

21. Defendant MIGUEL OVALLES has the exclusive final power to hire the employees of YBJ INCORPORATED, including the Plaintiff.

22. Defendant MIGUEL OVALLES has final power over the firing and terminating of the employees of YBJ INCORPORATED, including Plaintiff.

23. Defendant MIGUEL OVALLES is responsible for determining, establishing, and paying the wages of all employees of YBJ INCORPORATED, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

24. Accordingly, at all relevant times hereto, Defendant MIGUEL OVALLES was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

25. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is an enterprise engaged in interstate commerce within the meaning of the FLSA in that YBJ INCORPORATED (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or

3

produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

### RELEVANT STATUTORY PERIOD

26. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in March 2023, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning March 2017 through the present ("relevant statutory period.").

### FACTUAL ALLEGATIONS

#### i.     Wage & Hour Allegations

27. Plaintiff MOISES GILBERTO JIMENEZ MIRANDA was employed by YBJ INCORPORATED, as an order taker, packer and stocker while performing related miscellaneous duties for the Defendants, from in or around August 2015 until in or around July 2021.

28. Plaintiff MOISES GILBERTO JIMENEZ MIRANDA regularly worked five (5) days per week during his employment with the Defendants.

29. During the relevant statutory period, Plaintiff regularly worked a schedule of shifts beginning at approximately 7:00 a.m. each workday and regularly ended at approximately 6:00 p.m. or later, once a week and from 7:30 a.m. each workday and regularly ended at approximately 5:30 p.m. or later, four (4) days per week.

30. Thus, Plaintiff regularly worked approximately fifty-one (51) hours or more hours each week during the relevant statutory period.

31. During the relevant statutory period, Plaintiff was paid by Defendants a flat hourly rate of approximately:

    i.     $11.00 per hour for all hours worked from in or around February 2017 until in or around December 2020; and

    ii.     $15.50 per hour for all hours worked from in or around January 2021 until in or around July 2021.

32. Defendants failed to pay Plaintiff MOISES GILBERTO JIMENEZ MIRANDA the legally prescribed minimum wage for his hours worked from in or around January 2018 until in or

4

around December 2020, a blatant violation of the minimum wage provisions contained in the NYLL.

33. Although Plaintiff regularly worked fifty-one (51) hours, or more hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for all his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

35. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

36. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

37. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

38. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

ii.     **Sexual Harassment, Race and Gender Discrimination Allegations**

39. Throughout Plaintiff's employment with the Defendants, Plaintiff had been subjected to daily and constant ridicule and harassment from Defendant MIGUEL OVALLES ("OVALLES") due to his sexual orientation.

40. Defendant OVALLES would constantly order Plaintiff to carry heavy items on his own and would say "do it or go home" despite not making this request of other employees.

41. Defendant OVALLES also made fun of Plaintiff on a regular basis and would say demeaning statements to Plaintiff such as "I wouldn't be with a gay man even if they pay me" and "why do you dress like that? You look ridiculous".

42. Almost every day, Defendant OVALLES would laugh at Plaintiff's hair and even the way Plaintiff walked and say "You shouldn't dress like that for your age", "you're stupid" and "You're ugly for being gay" and "You can barely speak English".

43. Defendant OVALLES would mockingly reenact the way that Plaintiff walked or carried items on the job site for the entertainment of other employees.

44. The above are just some examples of the harassment and discrimination that Plaintiff MOISES GILBERTO JIMENEZ MIRANDA was forced to endure while working for the Defendants.

45. Defendant OVALLES constantly ridiculed Plaintiff due to his sexual orientation and encouraged others to do so on a regular basis.

46. As Defendant OVALLES was Plaintiff's direct supervisor and in charge of the job sites at which Plaintiff worked, Plaintiff felt helpless to do anything about the discrimination he experienced on a regular basis.

47. Plaintiff was subject to insults and jokes at his expense on a regular basis by Defendant OVALLES and other employees who reported to Defendant OVALLES due to his sexual orientation.

48. Plaintiff would regularly be insulted about his appearance and the way he dressed as a result of his sexual orientation.

49. While this discrimination was ongoing, on or around July 1, 2021, Plaintiff informed Defendant OVALLES that he could report to work the following day because Plaintiff was scheduled to receive a vaccination.

50. However, on the following workday, Plaintiff received a text message from Defendant OVALLES not to come back to office anymore and as such, Plaintiff was fired on that day.

51. During Plaintiff's employment with the Defendants, Plaintiff was never written up nor otherwise disciplined in connection with his performance.

52. The termination of Plaintiff's employment on or about July 5, 2021 was the direct and sole result of Defendant OVALLES constant harassment and discrimination to Plaintiff. Defendant OVALLES used the isolated incident of Plaintiff requiring a single day off to receive a vaccination as a basis for termination.

53. However, based on the timeline of continued harassment by Defendant OVALLES and other employees who reported to OVALLES due to Plaintiff's sexual orientation, it was

clear that Defendant OVALLES' decision to terminate Plaintiff was due to the fact that he was gay.

54. Plaintiff MOISES GILBERTO JIMENEZ MIRANDA was subjected to and suffered discriminatory treatment and sexual harassment solely due to his gender/sex (gay).

55. As such, Plaintiff MOISES GILBERTO JIMENEZ MIRANDA's work environment was permeated with hostility due to his sexual orientation.

56. Defendants refused to address the hostile work environment, discipline Defendant OVALLES, or attempt to put a stop to the hostile work environment.

57. Defendants unlawfully, knowingly, and willfully discriminated against and harassed Plaintiff based on his gender/sex by subjecting Plaintiff MOISES GILBERTO JIMENEZ MIRANDA to sexual orientation discrimination, in violation of the NYSHRL.

58. Defendants had knowledge of and/or acquiesced in the discrimination by their employees and managers.

59. Defendants have engaged in and continue to encourage and foster a policy and practice of gender/sex discrimination and allowing sexual harassment to occur in the workplace.

60. As a result of the aforementioned acts and conduct complained of, Plaintiff MOISES GILBERTO JIMENEZ MIRANDA feels extremely humiliated, degraded, victimized, belittled, and emotionally distressed.

61. Plaintiff MOISES GILBERTO JIMENEZ MIRANDA has been unlawfully discriminated against by Defendants, and as a result, suffers a violation of his rights, emotional distress, loss of income/earnings, loss of salary, loss of benefits, legal fees and expenses, economic hardship, inconvenience, and emotional pain and suffering.

62. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.

63. As such, Plaintiff MOISES GILBERTO JIMENEZ MIRANDA demands punitive damages as against all Defendants, jointly and severally.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

65. Collective Class: All persons who are or have been employed by the Defendants as order takers, packers, stockers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

66. Upon information and belief, Defendants employed 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

67. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

68. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

69. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

71. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

73. The claims of Plaintiff are typical of the claims of the whole putative class.

74. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

78. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or were engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

79. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

81. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

83. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

84. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq.*

86. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

87. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

88. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

89. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

90. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

91. Defendants also failed to pay Plaintiff the required minimum wage, which Plaintiff were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

92. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FOURTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of their applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

95. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

96. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

97. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### DISCRIMINATION UNDER THE NYSHRL

99. Plaintiff MOISES GILBERTO JIMENEZ MIRANDA repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

100.    The NYSHRL prohibits employers from discriminating against any individual in the terms, conditions, and privileges of employment because of such individual's sexual orientation.

101.    Plaintiff MOISES GILBERTO JIMENEZ MIRANDA is an employee and a qualified person within the meaning of the NYSHRL and Defendants are covered employers under the NYSHRL.

102.    Defendants operated a business that discriminated against Plaintiff MOISES GILBERTO JIMENEZ MIRANDA in violation of the NYSHRL by subjecting Plaintiff to a hostile work environment, in the form of sexual harassment due to his **sexual orientation**.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL by discriminating against Plaintiff MOISES GILBERTO JIMENEZ MIRANDA on the basis of his sexual orientation and retaliating against Plaintiff by unlawfully terminating him;

c. Awarding Plaintiffs' unpaid overtime wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiff MOISES GILBERTO JIMENEZ MIRANDA compensatory damages for mental, emotional, and physical injury, distress, pain, and suffering and injury to his reputation in an amount to be determined;

f. Awarding Plaintiff MOISES GILBERTO JIMENEZ MIRANDA punitive damages;

g. Awarding Plaintiff prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.


Dated: March 3, 2023
        Kew Gardens, NY


*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOISES GILBERTO JIMENEZ MIRANDA, individually and on behalf of all others similarly situated,

      Plaintiff,

-against-

YBJ INCORPORATED, YOSEF HECHTER, ROBERT BERK and MIGUEL OVALLES, as individuals,

      Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

<u>To</u>:

**Service via Secretary of State:**
<u>**YBJ INCORPORATED (NYDOS ID# 3321236)**</u>
270 Walton Avenue, Bronx, NY 10451

<u>**Via Personal Service:**</u>
<u>**YBJ INCORPORATED**</u>
545 Franklin Ave., Ste 1, Mount Vernon, NY 10550
<u>**YOSEF HECHTER**</u>
545 Franklin Ave., Ste 1, Mount Vernon, NY 10550
<u>**ROBERT BERK**</u>
545 Franklin Ave., Ste 1, Mount Vernon, NY 10550
<u>**MIGUEL OVALLES**</u>
545 Franklin Ave., Ste 1, Mount Vernon, NY 10550