UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
MOISES GILBERTO JIMENEZ MIRANDA,           :
individually and on behalf of all others similarly   :
situated,                                  :         **MEMORANDUM OPINION**
                Plaintiff,   :         **AND ORDER**
                                 :
v.                                         :         23 CV 1841 (VB)
                                 :
YBJ INCORPORATED, YOSEF HECHTER,           :
ROBERT BERK, and MIGUEL OVALLES,           :
                Defendants.   :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff brings this action asserting wage-and-hour claims under the Fair Labor

Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and a claim that he was

discriminated against because of his sexual orientation under the New York State Human Rights

Law ("NYSHRL").

       Now pending is defendants' unopposed motion to dismiss plaintiff's state law

discrimination claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

(Doc. #13).

       For the reasons set forth below, the motion is GRANTED.

       The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

**BACKGROUND**

I.     Wage-and-Hour Allegations

       Defendants employed plaintiff as an order taker, packer, and stocker from August 2015 to

July 2, 2021.  While employed, plaintiff allegedly worked approximately fifty-one hours each

week.  However, he claims he was not paid overtime compensation when he worked greater than

forty hours per week, in violation of the FLSA and the NYLL.  He also alleges he was

1

compensated at a flat rate of $11.00 per hour during January 2018 through December 2020, which plaintiff contends fell short of the legally prescribed minimum wage under the NYLL. Finally, plaintiff alleges defendants failed to keep payroll records, provide wage statements, and post information related to minimum wage and overtime wage requirements as required by law.

II.     Discrimination Allegations

Plaintiff alleges he was ridiculed and harassed at his workplace due to his sexual orientation as a gay man.  He alleges defendant Ovalles, his supervisor, would comment on plaintiff's sexual orientation by making statements like "why do you dress like that? You look ridiculous" and "You're ugly for being gay."  (Doc. #1 ("Compl.") ¶¶ 41, 42).  Plaintiff contends Ovalles would encourage other employees to mock plaintiff because of his sexual orientation and require plaintiff to carry heavy items on his own, a task not assigned to other employees.

Finally, on July 1, 2021, plaintiff informed Ovalles he would be absent from work the following day to receive a vaccination.[1]  On the next workday, July 5, 2021, Ovalles told plaintiff "not to come back to office anymore."  (Compl. ¶ 50).  Plaintiff alleges his termination was motivated by discrimination, and that Ovalles used the absence as a pretext to fire him.

**DISCUSSION**

I.      Supplemental Jurisdiction

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are

---

[1]     The complaint states plaintiff informed Ovalles "he could report to work the following day because [he] was scheduled to receive a vaccination."  (Compl. ¶ 49) (emphasis added). Because this statement is inconsistent with plaintiff's other allegations (see Compl. ¶ 52 ("OVALLES used the isolated incident of Plaintiff requiring a single day off to receive a vaccination as a basis for termination")), drawing all reasonable inferences in plaintiff's favor, the Court assumes plaintiff intended to allege he informed Ovalles he "could not" report to work the following day.

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

"[D]isputes are part of the same case or controversy within § 1367 when they derive from a common nucleus of operative fact."  Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006).[2]  Thus, the exercise of supplemental jurisdiction is justified "where the facts underlying the federal and state claims substantially [overlap] or where presentation of the federal claim necessarily [brings] the facts underlying the state claim before the court." Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000).  The exercise of supplemental jurisdiction is not justified "when the federal and state claims rest[ ] on essentially unrelated facts."  Id.

"Generally, courts in this District have found that when the only possible common nucleus of operative fact alleged between the [federal and state] claims is the existence of a common employment relationship, there is no supplemental jurisdiction." Cho v. Osaka Zen Spa, 2021 WL 1736813, at *5 (S.D.N.Y. May 3, 2021); see also Hahn v. Rocky Mountain Express Corp., 2012 WL 2930220, at *1 (S.D.N.Y. July 16, 2012) (dismissing NYSHRL discrimination claim when the only factual overlap with the plaintiff's FLSA wage claims was employment by defendant).

II.    Discussion

Defendants argue the Court may not exercise supplemental jurisdiction over plaintiff's NYSHRL claim[3] because it arises from facts unrelated to plaintiff's FLSA claim.

---

[2]      Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

[3]      The complaint refers to violations of the New York City Human Rights Law ("NYCHRL") once in the preliminary statement, but does not again refer to the NYCHRL and

The Court agrees.

As an initial matter, the Court has subject matter jurisdiction over plaintiff's FLSA claim because it arises under federal law.  See 28 U.S.C. § 1331.  However, because the citizenship of the parties is not diverse, the Court must determine whether it may exercise supplemental jurisdiction over plaintiff's NYSHRL discrimination claim.[4]

Here, the factual allegations underlying plaintiff's FLSA claim concern what he was paid and how long he worked.  The factual allegations underlying plaintiff's discrimination claim concern plaintiff's allegedly poor treatment by his supervisors and colleagues due to plaintiff's membership in a protected class and plaintiff's eventual termination from employment.  The employment relationship is the only overlapping fact.  Otherwise, plaintiff's discrimination claim "simply [has] nothing to do with whether plaintiff[] [was] paid . . . overtime as required under the FLSA."  Shibetti v. Z. Rest., Diner & Lounge, Inc., 478 F. Supp. 3d 403, 408–11 (E.D.N.Y. 2020) (dismissing NYSHRL and NYCHRL sex discrimination claims and collecting similar cases).

Accordingly, plaintiff's NYSHRL claim must be dismissed for lack of subject matter jurisdiction.

---

does not include a cause of action for violations of the NYCHRL.  Accordingly, the Court construes the complaint to assert a discrimination claim only under the NYSHRL.  However, to the extent plaintiff intended to assert a discrimination claim under the NYCHRL, that claim is dismissed for the same reasons his NYSHRL claim is dismissed.

[4]    Defendants do not move to dismiss plaintiff's NYLL claims, and with good reason:  it is clear the Court may exercise supplemental jurisdiction over them.  See Shahrir v. Smith Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) (plaintiff "NYLL and FLSA actions clearly derive from . . . a common nucleus of operative facts since they arise out of the same compensation policies and practices of" the plaintiff's employer).

**CONCLUSION**

Defendants' partial motion to dismiss is GRANTED.

Plaintiff's discrimination claim under the NYSHRL is dismissed without prejudice.

By May 11, 2023, defendants shall file an answer to the complaint.

The Clerk is instructed to terminate the motion.  (Doc. #13).

Dated: April 27, 2023
       White Plains, NY                        SO ORDERED:

                                               Vincent L. Briccetti
                                               United States District Judge